```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
ELIJAH BROUGHTON,

        Plaintiff,                      **COMPLAINT AND JURY DEMAND**

       -against-

THE CITY OF NEW YORK, Police Officer Keith
Stark, Police Officers "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the names
"John Doe" being fictitious, as the true names are
presently unknown,)

        Defendants.
```
------------------------------------------------------------X
```

Plaintiff, ELIJAH BROUGHTON, by his attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under

U.S.C. § 1291 (b), in that this is the District in which the claim arouse.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(B).

## PARTIES

6. Plaintiff ELIJAH BROUGHTON is an African-American male, who was a minor at the time when the claim arose, and at all relevant times a resident of the City of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, Police Officer KEITH STARK and Police Officers "JOHN DOE"

#1-#10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTUAL ALLEGATIONS**

13. On March 9, 2018, at approximately 8 p.m., plaintiff ELIJAH BROUGHTON was lawfully in the area of Truxton Street and Eastern Parkway, in the County of Kings, City and State of New York.

14. Defendant police officers followed plaintiff as he walked.

15. Defendant officers chased and attacked plaintiff, then a child.

16. The defendants then arrested plaintiff and transported plaintiff to a police precinct.

17. At no point in time was it reasonable or necessary to stop

plaintiff, arrest him, and then to use any force against the plaintiff BROUGHTON, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

18. At no point did the defendant observe plaintiff committing any crimes or offenses.

19. When at the precinct, plaintiff was bleeding profusely and asked for medical assistance.

20. The defendants denied plaintiff medical assistance.

21. Plaintiff was then transported to Central Booking where he was subsequently arraigned on various charges based on fabricated claims by one or more defendants.

22. All charges against plaintiff were dismissed and sealed.

23. As a result of the Defendants' actions, Plaintiff suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

24. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

25. At no point in time was it reasonable or necessary to use any

force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonably or necessary.

26. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

27. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

28. The defendants attempted to cover up their use of excessive force by lying about their actions even though no probable cause existed for plaintiff's arrest.

29. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

30. Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

31. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as

well as the authority of their office during these events.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C.§1983**

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of aforementioned acts deprived plaintiff BROUGHTON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom,

usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

    38.    The acts complained of deprived plaintiff of his rights:

    A.    Not to have excessive force imposed upon him;

    B.    Not to have summary punishment imposed upon him; and

C. To receive equal protection under the law.

## SECOND CAUSE OF ACTION
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

41. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely detained by the defendants, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiff's liberty was restricted for a period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CAUSE OF ACTION
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants searched plaintiff in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

47. As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

48. The foregoing unlawful search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Defendants misrepresented and falsified evidence before the District Attorney.

51. Defendants did not make a complete and full statement of facts to the District Attorney.

52. Defendants withheld exculpatory evidence from the District Attorney.

53. Defendants were directly and actively involved in the initiation of criminal case.

54. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SIXTH CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO PLAINTIFF'S
### MEDICAL NEEDS UNDER 42 U.S.C. § 1983

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Defendants knew that plaintiff had sustained bodily injuries as a result of their unlawful use of force.

57. Notwithstanding this fact, defendants intentionally and deliberately delayed getting proper medical care and treatment for plaintiff ELIJAH BROUGHTON.

58. Defendants also greatly exacerbated plaintiff ELIJAH BROUGHTON pain and suffering by also needlessly handcuffing him tightly.

59. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SEVENTH CAUSE OF ACTION
### MUNICIPAL LIABILITY

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ELIJAH BROUGHTON.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by ELIJAH BROUGHTON as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ELIJAH BROUGHTON as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ELIJAH BROUGHTON was subjected to unlawful and excessive force resulting in emotional and physical injuries.

67. Defendants, collectively and individually, while acting under color of state

law, were directly and actively involved in violating the constitutional rights of plaintiff ELIJAH BROUGHTON.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ELIJAH BROUGHTON's constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff BROUGHTON of federally protected rights, including, but not limited to, the right.

    A. Not to have excessive force imposed upon him;

    B. Not to have summary punishment imposed upon him; and

    C. To receive equal protection under the law.

70. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## EIGHTH CAUSE OF ACTION
### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest of plaintiff ELIJAH BROUGHTON.

73. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United

States, without probable or reasonable cause to believe plaintiff guilty of any crime.

74. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff ELIJAH BROUGHTON: (a) manufactured false evidence; (b) gave incomplete and/or misleading statements and testimony; (c) failed to correct such false statements and testimony.

75. The aforesaid conduct of defendants operated to deprive plaintiff ELIJAH BROUGHTON of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights: not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

76. The foregoing violations of plaintiff ELIJAH BROUGHTON's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED: Brooklyn, New York
February 2, 2021

*Amy Rameau*
_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York